TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Barbara Salazar

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Salazar,<br><br>     Plaintiff,<br><br>   vs.<br><br>Bursey and Associates, P.C.; and DOES 1-10, inclusive,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Barbara Salazar, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Barbara Salazar (hereafter "Plaintiff"), is an adult individual residing in Mesa, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Bursey and Associates, P.C. (hereafter "Bursey"), is an Arizona company with an address of 6740 N. Oracle Road, Suite 15, Tucson, Arizona 85704, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Bursey and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Bursey at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,978.50 (the "Debt") to Pima Medical (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Bursey for collection, or Bursey was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Bursey Engages in Harassment and Abusive Tactics

12. Beginning in or around November 2012, Bursey started contacting Plaintiff in an attempt to collect the Debt by placing multiple calls to Plaintiff's cellular telephone.

3

13. On multiple occasions, Bursey contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages.

14. During an initial conversation, Bursey informed Plaintiff that it had obtained a "stipulated judgment" against Plaintiff in connection with the Debt over two months prior to said conversation.

15. Bursey continued that if Plaintiff did not establish a payment plan to satisfy the Debt, the "stipulated judgment" would lead to garnishment of Plaintiff's wages.

16. Bursey also stated that Plaintiff would owe an additional $2,000.00 in attorneys' costs and fees due to the judgment.

17. Furthermore, Bursey stated that such legal action could involve seizing Plaintiff's assets.

18. At this point, Plaintiff had received no such proof of court documentation.

19. Out of fear of such legal action, however, Plaintiff agreed to pay $100.00 a month towards satisfaction of the Debt.

20. Plaintiff then requested that Bursey cease all calls regarding the Debt to her cellular phone.

21. Despite Plaintiff's request, Bursey continued to place calls to her cellular phone in its attempt to collect the Debt.

4

22. On February 7, 2013, Plaintiff mailed $100.00 to Bursey at the address provided to her.

23. During a later conversation, Plaintiff spoke with Sue, a representative from Bursey, who informed Plaintiff that there was not, in fact, a stipulated judgment against Plaintiff.

24. Sue also stated that Bursey had not received Plaintiff's February 7th payment.

### C. Plaintiff Suffered Actual Damages

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

30. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

31. The Defendants misrepresented the legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

32. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

33. The Defendants threatened the Plaintiff with seizure of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

34. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, et seq.

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

39. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40. Plaintiff either never provided express consent to Defendants or the Creditor to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendants on her cellular telephone by her demand to cease calling her cellular telephone.

41. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

42. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

43. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

44. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

    E. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 8, 2013                     LEMBERG & ASSOCIATES, LLC


By: */s/   Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiff,
Barbara Salazar